When Mr. Naranjo moved the district court under Section 404, there was a procedural lock on the door to relief. It was not until the Supreme Court in Concepcion picked that Mr. Naranjo sought Section 404 relief on three categories of counts. First, Mr. Naranjo was convicted on crack cocaine counts, which the district court correctly held were Section 404 eligible. Second, he was convicted on powder cocaine counts, which the district court believed it could not reach because of the procedural lock that was on that door. Third, Mr. Naranjo was convicted of a gun count, which the district court also believed it couldn't reach because of the procedural lock on the door to relief. This appeal involves the second and the third of those arguments. That is because what happened here was Mr. Naranjo presented three distinct claims for relief. Two of those claims were procedurally barred. The bottom line is that Mr. Naranjo never received a complete review on the merits of his Section 404 motion. The crack cocaine counts are indisputably covered offenses. This should have been a classic First Step Act case. Mr. Naranjo's indictment charged him with counts 2 and 4 that were conspiracy to possess 50 grams or more of crack cocaine. There were also two counts that were involved only powder cocaine. But let us consider for a moment a hypothetical defendant who was charged with conspiracy to distribute crack and powder cocaine in a single count. Under this court's precedent in U.S. v. Winters, there's no question that that defendant is eligible for Section 404 relief. There's virtually no difference between Mr. Naranjo and that hypothetical defendant or even that non-hypothetical Winters defendant except for how he was charged. The question thus becomes, how does eligibility on at least one count affect the total sentence in a multi-count indictment? Mr. Naranjo suggested that the answer to that question was that the court could revisit his statutory penalties for the powder counts because they were imposed as part of a sentence package. Mr. Naranjo's theory on his case was that eligibility on at least one count allowed the district court to revisit the powder counts under sentence packaging, and this court's precedent in U.S. v. BASE lends support to that argument. The key applicable language in BASE is that sentences that are imposed in a multi-count indictment are interdependent so that a reversal on some, but not all, of those convictions renders the package ineffective. In other words, this court held that when one or more counts in a multi-count indictment are reversed, the result unbundles the total sentence package. The court reasoned that sentences are interdependent in this way because that is the reality of how sentences are imposed in this type of indictment. So when we apply BASE to Mr. Naranjo's case, it becomes clear that the district court could have reduced his powder cocaine counts along with his covered crack cocaine counts. That is because this multi-count indictment was a package. Eligibility on even a single count allows the district court to unbundle that package. So in that sentence packaging argument, Mr. Naranjo argued that this court's precedent in United States v. Haines had the potential to dramatically impact his potential statutory minimum and maximum sentence. Let me explain why. Mr. Naranjo's statutory minimum sentence was based on the drug amounts that were attributed to the conspiracy as a whole. At the time, that was correct. In other words, the jury was not asked to, nor did it find, any drug amounts that were attributable to him personally. The key application from Haines is that this court, and I'm quoting here, found error where the district court increased a statutory minimum in reliance on a drug wide conspiracy quantity. The court held that for purposes of the statutory minimum at sentencing, the relevant quantity is the quantity that's attributable to the individual defendant. The court reasoned that after the Supreme Court's holding in Alene v. New Jersey, which expanded the Apprendi Doctrine to include anything that increases a defendant's mandatory minimum as an element, that meant that the drug amount that increased a mandatory minimum was an element of the offense and it should have been submitted for proof beyond a reasonable doubt. The problem is that finding didn't happen here. What Mr. Naranjo argued was that the court could revisit his statutory minimum and maximum on the drug counts and potentially apply Haines. Now, the district court never actually addressed that argument in any of the proceedings. Well, Ms. Phelps, let me make sure. Is the argument you're making now one you made to the district court? Yes, Your Honor. Mr. Naranjo, as we know, filed several motions for Section 404 relief. In each of those motions, Mr. Naranjo made an argument that the, under this Haines doctrine, that the statutory minimum could potentially be significantly lower because that was never submitted to the jury. I'm talking about the package argument, was it? Yes. I'm sorry. I misunderstood the question. Well, no, I wasn't specific. Yes, Your Honor. So Mr. Naranjo argued in each of the motions that he filed, and part of that was when he filed subsequently, he would then take his previous motion and sort of just add on and tack on to that. So in each one of those, he argued that sentence packaging allowed the district court to revisit the powder counts, and he actually argued that the sentence packaging doctrine allowed the district court to revisit the gun counts. Now, Mr. Naranjo made the argument that the sentence packaging doctrine is what opened the door for him to Haines, and he also argued that the sentence packaging doctrine is what opened the door for the gun count that he also argued was potentially incorrectly imposed. I do not have those record sites right here, but I did put those record sites in the supplement letter brief that the court asked for, and I would be very happy to provide those again. Well, if they're in what you've already filed. Okay. But hopefully that answers Your Honor's question, that he did raise this argument at the district court, and he actually raised it each time that he filed. And that actually brings us to a great point, because the government cannot and does not actually point to any instance in the record where the district court even so much as acknowledged whether or not Haines had the potential to impact Mr. Naranjo's statutory penalties on these drug counts. Now, we can speculate that perhaps that is because the district court correctly at that time understood that Haines, having nothing to do with the Fair Sentencing Act, was not available to Mr. Naranjo. However, there's silence, so we don't know. We don't know what the district court thought about that argument. But the court addressed the initial motion on the merits, right? I mean, the court fully considered the claims that were raised. Not exactly, Your Honor, and I would say for two reasons. First, this reason in particular is that this claim, this Haines claim, was actually never addressed. There's no spot in the record where the district court actually made mention of this. But the district court followed the law as it was at the time in analyzing the motion. In other words, the question under 404, is it not, whether the initial motion was fully considered on the merits? And if so, are subsequent motions barred? Yes, Your Honor, and that's exactly the point. So that's my second point. The previous motion was considered after review on the merits, and I would say with an asterisk, because there were several claims that had the potential to significantly impact Mr. Naranjo's sentence that were sort of left out in the hallway. Because the law didn't allow them at that time, right? Correct. To clarify, binding circuit precedent did prevent Mr. Naranjo's arguments regarding Haines, and then also regarding his 924C sentence. Binding circuit precedent said that those arguments, because they had nothing to do with the Fair Sentencing Act, were not cognizable in a 404B motion. So let's talk for a moment about Hegwood and what Hegwood meant for Mr. Naranjo. Binding circuit precedent prevented the district court from even considering these arguments. So the key application from Hegwood was that the First Step Act grants, and this is what the court said, a district judge limited authority to consider a sentence that was previously imposed. And what the court held was that in a First Step Act motion, the district judge decides on a new sentence only by the changes that were made by the Fair Sentencing Act itself. The district court reasoned that, I'm sorry, this court reasoned that a district court is imposing, not modifying a sentence, as if all the conditions for the original Fair Sentencing Act. So in other words, to your point, under Hegwood, the district court appears to have considered what it thought it could consider. However, we do have this sort of dual problem, because there was silence. So we actually don't know what the district court thought. So we're going to allow subsequent 404 motions whenever there's silence, because claims that couldn't have been asserted weren't asserted and addressed? No, Your Honor. Not exactly, Your Honor. What we have here is a unique situation with a unique defendant, a defendant who moved for Section 404 relief where there was, again, this procedural bar to his principal claims for relief. Those were his principal claims. Subsequent Supreme Court precedent unlocked that door, took the bar. While Conception says you can consider other things, other facts, other law, does Conception say the district courts need to go back and are required to do that when they've already considered fully a 404 motion? No, Your Honor. Conception does not say that. But what Conception does say that applies here is that the district court, and I'm quoting from Conception, is always, always required to consider a defendant's non-frivolous arguments when he raises them. That's the consideration that didn't happen here. No one has appeared to suggest that these arguments are frivolous. Would the arguments have been frivolous under the law as they existed, as it existed at the time of his first motion? In a way, it would have been. Let me answer your question again. They were foreclosed by circuit precedent? Yes. So it would have been frivolous to raise them because that was foreclosed. Now, the arguments himself, I just, I do want to clarify that the arguments themselves that he was making weren't frivolous arguments, right? Like as in they have a basis in legal fact. But yes, it would have been considered frivolous under Hegwood for him to even raise the argument. And in fact, we have an indication here because that's sort of what happened with the 924C claim where the district court said, no, this is a successive 2255 claim. What we know, though, from Conception is that nothing in the text or the structure of the First Step Act prohibited the district court from considering Haynes and considering sentence packaging and considering this 924C count. The Supreme Court said that district courts have a standard obligation. This is akin to, and this is the analogy the Supreme Court used, this is akin to the same obligation that district courts have at an original sentencing. So for example, a district court must correctly calculate the guideline range. The district court, in an original sentencing, the district court may or may not then vary from the guideline range, but it has to have a correct starting point. The same is true here. The district court must consider the defendant's non-frivolous arguments when they are raised. And then only at the latter merit stage, or at the latter 3553 stage, can the district court go in and say, I have considered this and I will do this because of this. Here, though, on the operative 404 motion, the district court first said, well, I don't have jurisdiction to consider this because there's been a prior motion. It was fully considered on the merits following 404C. But then the court said, well, but in the alternative, I'm going to look at it in the merits and applied 3553 and said no relief warranted. So assuming the district court erred in its first finding, 404C bars this motion. How did the district court err on the merits determination? Because it actually did what you're asking the district court to do, did it not? Well, no, because here's why. First of all, to answer the first part of your question, this alternative holding that we have is problematic for two reasons. And the first reason and foremost reason is that procedural error is procedural error. The consideration that we're having is procedural error. And so we can't say that we prevented it from happening. But to get to your second point, let's pretend like for a moment that it did happen. Let's say the district court snuck in the window of the locked door and considered these arguments anyway. That still is procedural error, right, in that hypothetical situation. And then what we have here is the second problem is the district court in this case sort of insulated itself from any meaningful appellate review by simply rubber stamping that I've considered the 3553A factors. Miss Felsen, let me ask you, in this second part of his opinion, are you saying that the judge needs to mention Hain, needs to mention these cases that you're talking about at least in some way, regardless of how it was expressed, identify the issues you're talking about and reject them? And if so, what are you relying on to say that is what the judge had to do? Yes, Your Honor. So we all agree and no one disagrees that the district court is not required to make a sort of point-by-point rebuttal. And I think that that's kind of your question. Well, I'm just wondering where between point-by-point rebuttal and what the district court did in this case, are you saying the law requires more? Yes, Your Honor. And that's, we know that from Concepcion itself. And the reason why is because Concepcion said that a district court is not required to be persuaded by a defendant's non-frivolous arguments, but it is required to demonstrate that it considered them. That right there is the phrase that's applicable here. That consideration didn't happen. And in fact, the record is completely silent, particularly regarding Hain's, regarding the sentence packaging argument, regarding any of that. And so that is coming from Concepcion itself, that the district court is always required to consider, even if it's not persuaded by them, the non-frivolous arguments raised by the parties. And I think the tension here is the district court is indicating those arguments were considered, but it was not fulsomely explained. The question then becomes, how could it have considered those arguments if those arguments were barred by circuit precedent? And that in and of itself would have been, if the district court did consider them, that in and of itself would be procedural error. That puts the defendant in sort of a catch-22 that, well, my court followed circuit precedent, and my court didn't follow circuit precedent, but we end up at the same place. You can pick up again. Thank you, Your Honor. I'll reserve what there is of my time. Good morning. Mara Blatt for the United States is aptly in this matter. If the court will just indulge me for two minutes, I just want to take this moment to talk about three of the most overarching concepts on this case. The first is, is that whether 404C is jurisdictional or whether this is a mandatory claims processing rule doesn't really matter in this case because Wouldn't it be good for us to say, though? Yes, absolutely. And I take it that because there was no briefing on the other side about whether this was a mandatory claims processing rule, that everybody kind of agrees that it really is most likely a mandatory claim. We don't have the issue too well joined in this case, but we'll see what we can do. That's correct. Ultimately, though, the case is really about what constitutes a complete review on the merits so that the 404C bar can apply. The cases that Naranjo relies upon don't really help his cause, and I'll talk about those in a minute. And ultimately, really, what we are still left with is Concepcion. It's true, I mean, Concepcion talks about broad discretion, the ability of the district court to look at intervening changes in law or fact, to consider non-frivolous arguments without providing detailed explanations for its decisions. But the one thing that Naranjo has never really addressed is Concepcion's non-frivolous issues are considered only when raised by the parties. And I would strongly urge the Court to look carefully at what Naranjo said in his motions, not what is necessarily been written on appeal, and observe that he raises the same issues over and over again, whether it's in 2255s, Rule 60B motions, or the previous 404B motions. Your friend on the other side referred us to the supplemental letter brief you filed and said there's record sites there that indicate where these issues were raised. What do you say to that? I say that they're there. In a second, I want to talk about the sentencing package doctrine, which really is where he raises the sentencing package doctrine in relation to the 924C. And that's at 1224 to 1225 in the record. Naranjo also never really draws a strong distinction between what Concepcion is saying about what a district court has to do. So there's a calculation part where the district court has to recalculate the guidelines in accordance with the fair and then there's the 3553A analysis. And between calculation and 3553A, 3553A will always win. And here, the district court did perform both of those analyses correctly twice. It did recalculate. Two questions here to make sure we're talking about where you are on these premises. And the first is, were the issues in front of the district judge that Ms. Phelps has talked to us about this morning? And then secondly, if they were, how much does the district judge need to say to convince us that the judge was even aware of them, that he was even analyzing them when he entered his order? Now I think you're telling us that the issues weren't in front of him and there's enough in his order. Is that the right breakdown of your argument? That's exactly correct. Well, what if we decide there is enough in what was presented to the district judge that these issues being discussed today, the package and other issues, were in front of the district judge? Can we really say this sort of very general language by the district court that if I can consider them, I am considering them, I reject them, and I apply the 3553A factors? Whether the district judge considered any of those others is sort of guesswork on our part. I don't read the orders that way. I mean, you've got a five-page order and a seven-page order talking about what the district court is, A, looking at. That's short for us, but it's long for the district court. Well, it's just a district court, Your Honor. But I really think that what has kind of been missed here is Concepcion is very, very clear about what the function of this court is when looking at the district court's orders, and that is deferential. That is a quote from Concepcion. Do you agree that if these issues were raised, even if they were not raised in the initial motion, however many years ago that was, the district court needed to consider them? What the district court needed to consider was first the calculation, which the district court did correctly and to this day is still correct. Concepcion, I'm sorry, Naranjo was convicted of possessing with intent to distribute, a conspiracy of possessing with intent to distribute more than 5 kilograms of powder B-1A, which is a 10-year-to-life statutory range. So already, I mean, there's nothing that's going to change about that. The Fair Sentencing Act of 2010 does not apply to powder cocaine. It only applies to crack. And the court also said, I've looked at the amount of, you know, the amount of crack is not going to change what your statutory range is on the drug count because it's a dual conspiracy. The drug count, now, whether or not the guideline range changed, the court in the second opinion or, yeah, in the second opinion on the second motion, clearly states that there isn't going to be, he can't look at career offender, he can't look at the guideline enhancements because of Hegwood. But in the third opinion, he does. And he, in fact, takes away almost all the discretion, leadership role, and I'm going to look at what the guideline range would be because now I'm looking at it under conception. And now I know that I can look at it. And the court still calculates, and this is in the order, that the guideline range still encompasses, I think it ended up being 327 to 405, and still encompasses his 360-month sentence. So to say that the court never did the calculation correctly, because that's all that procedural error is, right, is absolutely incorrect. That's not true, and that's not what the orders say. And, again — JUSTICE KENNEDY Make sure I understand how you're reacting to the arguments by defense counsel. Without meaning it in any pejorative way, are you saying that the — because of what you just said on how the calculations on the guidelines would be unchanged, that her arguments basically are frivolous, that the things she's talking about would not affect what the district court needed to do? MS. GOTTLIEB I think there's — I think in net effect they're the same thing. I mean, I hesitate to say they're frivolous. That's a, you know — JUSTICE KENNEDY I use that word with caution. MS. GOTTLIEB But, yeah. So — but they are not. I mean — JUSTICE KENNEDY They're basically flawed arguments that do not affect the district court's decision. MS. GOTTLIEB They did not affect the calculations. And, again, I would just point out that Concepcion says that this Court's review of the district court's orders is not supposed to be overly searching. Again, that's quoting from Concepcion. And with this — for these reasons, you know, there's no purpose in — in remand here. We are able to ascertain what the district court is thinking, and that's all that Concepcion demands. Let me just turn for a moment to the sentencing package doctrine. That was raised in the second motion. Again, it's at 1224 to 1225, where — and it's specifically said in that motion Mr. Naranjo says that it applies to the 924C count only. In this appeal, apparently — I mean, that has been expanded now to include everything. But he — but in the motion, he says that there is no proof or a finding by the jury that he used, possessed, carried, or carried a semi-automatic firearm. And, therefore, his 924C sentence is illegal. Well, the district court quite properly said, hey, I don't have jurisdiction of that. An illegal sentence is something that is peculiar to your 2255. If you want to raise that, go ahead and raise it there. But I can't consider that on — in a 404B circumstance. But in the briefing — and I found this very curious. So they — she quoted — I think it's Bass, where it's — yeah, it's Bass — where it says, one or more counts of a multi-count conviction, when one or more counts of a multi-count conviction is reversed and one or more counts are affirmed, the result is an unbundled sentence package. Well, that tells us right away that sentencing package doctrine doesn't apply, because we're not looking at convictions here. We're looking at sentencing. And then she goes on to say in the brief, because the sentences are interdependent, the reversal of the convictions underlying some but not all of the sentences renders the sentencing package ineffective in carrying out the district court's intent as to the sentences on the affirmed convictions. Well, a 924C is the most independent kind of sentence. It's not — it's never considered in relation to guideline calculations, and it's never — and it's completely statutory. There's no — if you're found guilty of that, then you get this. There's no discretion in there for the district court. That's exactly what this Court said in Clark at 816 F. 3rd. 360, which is a 2016 case as we published. And so Bass doesn't really apply here. There are two other cases which counsel cited in the 28J letters that were filed, and one is Gregory. They're both district court cases. And what's interesting about that is that nobody's saying that a district court can't change its mind. That's what both of these opinions are about. A district court can change its mind about the sentence that it imposed. But that court is in a different position than this court, which is supposed to give it deferential review, not an over-searching analysis of what the district court did. Gregory itself actually says that there's no plenary resentencing under 404B, and that's this slip-off at page 6. And here, the district court said, you know what, I probably made a mistake here because the Fourth Circuit law was not well-developed at the time, and I want to change my mind. Fair enough. And in Mays, which is the other case that she cites, in that case, there was a new district court. The original sentencing district court was not looking at it, the district court was. And the district court then said, well, you know what, the prior district court didn't do a 3553A analysis, and if there's no 3553A analysis, it wasn't a complete review on the merits. Therefore, I'm going to do a complete review on the merits, and I find that 404B should be applied, and he should get a sentence reduction. Well, fine. But that's not what happened here. That's not what the district court said. What the district court has done here, the district court, in both circumstances, said, I find that no sentence reduction is warranted under either the 3553A analysis or under my calculations applying the Fair Sentencing Act. And then finally, in Winters, I'm not really quite sure why Winters was cited, because all that Winters says is that with a dual drug conspiracy, if crack is part of that dual conspiracy, the defendant is still eligible for 404B relief, even if he had powder cocaine, even if the powder cocaine was part of the conspiracy. That's exactly what's happened here. Nobody's disputing that, you know, he's eligible. So I don't think that Winters really applies either. Whether or not there — I think the district court was completely correct when it said, you know, I don't have any jurisdiction under 404B to include — to re-sentence somebody on a 924C consecutive count. I mean, those counts, those convictions were affirmed by this court. And again, it's never included in guideline calculations, although a district court could take, I suppose, a consecutive sentence into account in its 3553A analysis. The district court here apparently didn't — I mean, whether it didn't because it found that the 3553A factors don't warrant a sentencing reduction. He also fails on the merits with regard to the 924C, because in fact he was charged with — I have the site here somewhere — he was — in the district court's second order, it says that he was actually charged with using, carrying, or possessing a semiautomatic weapon. So it was also the only weapon that was introduced at trial. It was proved up. There were pictures of it. So his claim that the jury somehow convicted him of something that — of just having a firearm and that he has been wrongfully sentenced is really — has no merit at all. Let's see. Does the Court want me to address the claims? No? Keep going? My colleague does. I think we're all right with the supplementary. You're all good on that? Okay. All right. So I'm just — I'm going to wrap up then, and I'm just going to say this. It's very problematic here to say that there has been no complete review on the merits here, because the second motion really was correct, given the law at the time. And it sets up a situation, though, where any intervening change in law or fact would permit a prisoner to file another 404B motion. And that is not what the purpose of 404B is. 404B is a very limited remedy, which is enforced by the 404C bar. To hold that there — in essence, certainly on the third motion, that there was no complete review on the merits would render 404C essentially a nullity. It cuts against the structure, the purpose, and the function of the statute, which is to limit the number of 404B motions that a prisoner can file. So what would be the purpose of remand here? The District Court is going to say probably the same thing. It said it twice. So the bottom line is, is that there may be cases where the District Court really did not consider the claims of a prisoner's 404B motions in a first or a second 404B claim. And in those circumstances, this leads back to the mandatory claims processing rule, the government could consider whether or not to waive the bar. And it has done so in at least two cases that we know of, and that's Hart and De Ruiz, which is cited in my supplemental brief. But the one thing is that it's just not true that a remand in this case would really change anything. And this Court, the government therefore asks that this Court affirm its rulings on the 924 issue and on the merits. Thank you, Kelly. So I would like to address a couple of things. First, we absolutely agree that Concepcion says that appellate review should be overly searching. And that won't be a problem here because you can look at the District Court's opinion and see nothing. There was silence as to these principal arguments. And given that, and given that we know that a District Court is required to consider the non-frivolous arguments when the parties raise them, which Mr. Naranjo did, we know that that didn't happen here. But I would also like to talk about, the government has talked quite a bit about the guideline calculation and that Concepcion said that the guidelines have to be recalculated. And we don't disagree with any of that. But let's talk about this. Haynes, if Mr. Naranjo's Haynes argument is correct, that significantly impacts the guidelines because the statute would trump the guidelines. Also, if Mr. Naranjo's argument about the 924C count is correct or not, that goes to the 3553A factors. That goes to the kinds of sentences available. That goes to the nature and circumstance of the offense. That goes to what Congress believes is the seriousness of the offense. All of those things speak to the 3553A factors, regardless of what the advisory guideline calculation is. I would also point out that Concepcion said that a complete review, and I think the government agreed with this, is when the parties raise an argument, that has to be addressed. There doesn't have to be any point-by-point rebuttal except for on these non-frivolous arguments that the parties have raised. There is quite a bit of guesswork here based on that silence. Also, you didn't leave yourself much time for rebuttal, and your time is up. Thank you, and we would just ask that the district court vacate the opinion and remand for further consideration. Thank you. Thank you both for bringing your understanding of this case to us. We'll take it under advisement.